**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JORIKI USA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-10034 (LSS)<br><br>Related to Docket #: 55 –<br>Motion to Approve Sale |

**OBJECTION OF CLAIMANT, AUTOMHA AMERCIAS AUTOMATION TO THE SALE OF RACKING AND RELATED EQUIPMENT AT 575 RESEARCH DRIVE**

Automha Americas Automation ("Automha"), a claimant in the above-referenced case, submits the following objection to the sale of certain massive, ceiling-high racking and related equipment installed at the premises leased by Debtor, Joriki USA Inc. ("Joriki"), with an address of 575 Research Drive, Pittston, Pennsylvania 18640 (the "Property"), and respectfully states:

**NATURE OF OBJECTION**

1. On February 12, 2025, this Court entered an order granting Joriki at least five different forms of relief, including authorizing bidding procedures for the sale of substantially all of its assets, entry into stalking horse agreements, scheduling an auction, and setting a sale hearing date. (*Feb. 12, 2025 Order*, ECF No. 53)(the "Order").

2. In the Order, the Court stated that "[o]bjections to a sale of the Assets, including (a) any objection to the sale of Assets free and clear of liens, claims, interests and encumbrances pursuant to Section 363(f) of the Bankruptcy Code to a Successful Bidder…and (b) any objection to the entry of any Sale Order…shall…be filed with the Court; and…served…no later than **March 12, 2025, at 4:00 p.m. (prevailing Eastern Time)**(the "Sale Objection Deadline"). (*Order Approving Procedures* at ¶ 17, ECF No. 53).

3. As is relevant here, 11 *U.S.C.* § 363(f) provides that "[t]he trustee may sell property…free and clear of any interest in such property…only if—(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest." 11 *U.S.C.* § 363(f)(1).

4. Under 11 *U.S.C.* § 363(f), the Trustee cannot sell the racking and related equipment that was installed by Automha at the Property because, under Pennsylvania's Mechanic's Lien Law of 1963, 49 *P.S.* § 1301, et. seq., Automha has a superior interest to the Trustee in relation to the relevant racking and related equipment.

5. Therefore, Automha respectfully requests that this Court refrain from entering any order that would permit the sale of Automha's racking and related equipment free and clear of its lien.

**FACTUAL BACKGROUND RELEVANT TO AUTOMHA'S OBJECTION**

6. Joriki leased the Property from its landlord, 575 Research Drive, LLC. (*Statement of Financial Affairs* at No. 7.1, ECF No. 4)(referencing a security deposit in the amount of "$536,661.66").

7. As testified to by Mr. Michael G. Devon, Joriki's Chief Financial Officer and Sole Director, at the 341 meeting of creditors conducted on February 21, 2025, Joriki was in the process of completing ongoing construction at the Property when it filed for Chapter 7 bankruptcy protection.

8. As part of these ongoing construction efforts, on March 12, 2024, Joriki issued a purchase order directed to Automha for the sale and installation of 11 lanes of 44 pallets that were to be installed at the Property. A copy of this first purchase order is attached as Exhibit "A." The total price listed was $595,250.00.

9. On March 22, 2024, Joriki issued another purchase order directed to Automha concerning the sale and installation of 11 lanes of 44 pallets, which consisted of five levels, along with related equipment at the Property. A copy of this additional purchase order is attached as Exhibit "B."

10. The racking structures were a necessary part of Joriki's operations as a private label bottle manufacturer.

11. Consistent with these purchase orders, Automha completed the delivery to and installation of the above racking systems and related equipment at the Property. Upon completion of its work, Automha took photographs of the racking and equipment that was installed. A copy of these photographs is attached as Exhibit "C."

12. The racking was affixed to the floor and weighed 479,361.551 pounds. (*Exhibit "D,"* Shipping Documents).

13. In respect of this work, Automha issued a series of invoices dated from March 19, 2024 through August 19, 2024. Copies of these invoices are attached as Exhibit "E."

14. Of these invoices, the ones dated August 19, 2024 were for "10% Final on Commissioning," or when the racking and related equipment were physically installed at the Property. (*Exhibit "E,"* Invoice Nos. 15717 & 15718).

15. Automha is still owed $625,012.50 from Joriki. (*Exhibit "F,"* Statement).

16. On February 11, 2025, Automha filed a Mechanic's Lien claim with the Luzerne County Prothonotary's Office as required under Pennsylvania law in relation to the balance it is owed. (*Exhibit "G,"* Mechanic's Lien Claim); (*Exhibit "H,"* Documents Recorded Notice).

17. On that same date, Automha also filed a Notice of Perfection of Lien under 11 U.S.C. § 546(b) with this Court. (*Notice of Perfection of Lien Under 11 U.S.C. § 546(b)*, ECF Nos., 51 & 51-1).

## LEGAL ARGUMENT

## JORIKI'S BANKRUPTCY ESTATE CANNOT SELL THE RACKING AND RELATED EQUIPMENT INSTALLED AT THE PROPERTY WITHOUT ACCOUNTING FOR AUTOMHA'S LIEN.

**(i)  Pennsylvania Mechanics' Lien Law.**

18. In considering Automha's objection, this Court should look to state law to determine Automha's property rights. *Butner v. United Sates*, 440 *U.S.* 48, 55 (1979)(stating that "determination of property rights in the assets of a bankrupt's estate is left to state law"). Because the Property is located in Pennsylvania, Pennsylvania law applies to the perfection and priority of lien rights as to the Property. *In re: D'Angelo*, 524 *B.R.* 624, 630 (Bankr. M.D. Pa. 2015)(stating that "Pennsylvania law should be reviewed to determine property interests in a parcel of real estate located in Pennsylvania").

19. The Pennsylvania Mechanics' Lien Law of 1963[1] provides that "every improvement and the estate or title of the owner in the property shall be subject to a lien…for the payment of all debts due by the owner…for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim…shall exceed five hundred dollars ($500)." 49 *P.S.* § 1301(a).

---

[1]  Pennsylvania has had a mechanics' lien law since 1836. *Appeal of Esterley*, 54 *Pa.* 192, 194 (Pa. Supreme Ct. 1867)(referencing "the original Act of 1836").

20. Under this Mechanics' Lien Law, the term "owner" is specifically defined to mean "an owner in fee, a tenant for life or years or one having any other estate in or title to property." 49 *P.S.* § 1021(3).

21. Since the 1800s, Pennsylvania law has recognized that a mechanics' lien extends to "improvements….and fixtures erected or put up by tenants of leased estates….and to all mechanics…material-man doing work or furnishing the articles or material therefor[.]" *Appeal of Esterly*, *supra*, 54 *Pa.* at 194; *Sherman v. Thompson*, 7 *Pa. Super.* 555, 559 (Pa. Super. Ct. 1898)(indicating that a mechanics' lien extends to "personal property and fixtures…of the tenant").

22. To qualify for protection under Pennsylvania's Mechanics Lien Law, "[t]he equipment or fixtures must be of a permanent character which will pass as part of the freehold and [be] reasonably necessary to equip the building for the purpose for which it is intended." *Joyce v. Sarnelli*, 29 *Pa.D.&C.3d* 544, 547 (Westmoreland Ct. of Common Pleas 1984); *Randall Building and Loan Association v. Manayunk Realty Co.*, 260 *Pa.* 421, 422 (1918)(determining that curtains were in the nature of furnishings, not fixtures). Plus, the claimant offering the services, labor, and materials provided must increase the value of the property. *Dagit v. Radnor Convalescent & Nursing Home*, 38 *Pa. D. & C. 2d* 389, 391 (Del. Cty. Ct. Common Pleas 1965)(stating that "[w]here, as here, the value of the property has not increased, there is no right to [a] lien").

23. Pennsylvania courts have treated the following as covered by Pennsylvania Mechanics' Lien Law: (1) a 325,000-pound hydraulic plastics injection machine, *Wendt & Sons ex rel. Wendt v. New Hedstrom Corp.*, 858 *A.2d* 631, 635 (Pa. Super. Ct. 2004); (2) a sinkhole, *C.S. Garber & Sons, Inc. v. Draper*, 89 *Pa. D. & C.* 235, 238 (Lehigh Cty. Ct. Common Pleas 1954), and even (3) exterior signs attached to a building as alterations. *City of Lighting Products v. Carnegie Institute*, 816 *A.2d* 1196, 1199 (Pa. Super. Ct. 2003). By contrast, the Mechanics'

Lien Law will not apply to materials temporarily used in construction that do not become part of the ultimate structure created. *R.A. Greig Equipment Company v. Mark Erie Hospitality, LLC*, 305 *A.3d* 56, 61 (Pa. Super. Ct. 2023)(holding that a forklift and related rental payments were not covered by the Mechanics' Lien Law); *Cleveland Brothers Equipment Company, Inc. v. Arcadia North Land, LLC*, No. 2139 EDA 2023, 2024 *WL* 4664445 at *1, *4 (Pa. Super. Ct. Nov. 4, 2024)(holding that an excavator did not qualify for protection under the Mechanics' Lien Law because "it was used temporarily…to prepare the jobsite").

24. To perfect a claim under Pennsylvania's Mechanics' Lien Law, a creditor must "file a claim with the prothonotary…within six (6) months after the completion of his work." 49 *P.S.* § 1502(a)(1).

**(ii)** **Treatment of Pennsylvania Mechanics' Lien Law by Third Circuit Bankruptcy Courts.**

25. Under the United States Bankruptcy Code, the trustee's rights and powers to set aside liens is limited by certain sections and these sections "permit the post-petition perfection of certain liens to be effective against the trustee where [under] applicable non-bankruptcy law that interest holder could have perfected its rights against an entity subsequently acquiring rights in the property if bankruptcy had not intervened." *In re: Italiano*, 66 *B.R.* 468, 470 (Bankr. D.N.J. 1986)(citing 11 *U.S.C.* 362(b)(3)); 11 *U.S.C.* 362(b)(3)(stating that "[t]he filing of a petition…does not operate as a stay….of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection"); 11 *U.S.C.* § 546(b)(indicating that the trustee's rights and powers "are subject to any generally applicable law that—permits the perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection").

26. Thus, this Court should consider the controlling legal issue on this objection as whether, under Pennsylvania Mechanics' Lien Law, Automha would be permitted to have priority as to a third-party, like the trustee, for the racking and related equipment installed at the Property. Because Automha's provision of materials and work at the Property relates to the "erecting or construction of an improvement [the racking and related equipment]," Automha is entitled to priority under Pennsylvania law. 49 *P.S.* § 1508(a)(stating that in, "the case of the erection or construction of an improvement," a mechanic's lien has priority "as of the date of the visible commencement upon the ground of the work or erecting or construction the improvement").

27. Multiple Pennsylvania bankruptcy courts have considered the interplay between the Bankruptcy Code and the Pennsylvania Mechanics' Lien Law and decided that, whether the lienholder has priority depends on whether the materials provided and/or work that was performed should be considered related to "the erection or construction of an improvement," 49 *P.S.* § 1508(a), as compared to "the alteration or repair of an improvement." 49 *P.S.* § 1508(b). *In re: GGC, LLC*, 329 *B.R.* 36, 38 (Bankr. W.D. Pa. 2005)(holding that a lien claim based upon an alteration or repair to an improvement "could only…have priority…as of the time when T.P. filed its mechanic's lien claim"); *In re: Oxford Royal Mushroom Products, Inc.*, 40 *B.R.* 930, 931 - 932 (Bankr. E.D. Pa. 1984)(holding that a mechanic's lien in Pennsylvania for alteration or repair is avoidable in bankruptcy if mechanic's lien is filed subsequent to the commencement of the bankruptcy case); *In re: Poloron Products of Bloomsburg, Inc.*, 76 *B.R.* 383, 384 – 385 (Bankr. M.D. Pa. 1987)(same). As one court has stated it, "the issue is whether the substantial work done…was [an] erection or construction rather than alteration or repair." *In re: Oxford Royal Mushroom Products, Inc.*, supra, 40 *B.R.* at 931. Thus, if the materials or work are part of an "erection or construction of an improvement," then priority begins for the lienholder "as of the

date of the visible commencement upon the ground of the work of erecting or constructing the improvement." 49 *P.S.* § 1508(a).  In which case, a lienholder, like Automha, would be entitled to priority even if it perfects its lien after a bankruptcy is filed.  *See id.*  If the materials or work are part of an "alteration or repair of an improvement," then priority commences "as of the date of the filing of the claim." 49 *P.S.* § 1508(b).  In that situation, a lienholder, such as Automha, would not have priority if a bankruptcy is filed before the creditor perfects its lien.  *See id.*

### (iii)   **Automha's Lien would Qualify for Priority under both Pennsylvania Law and the relevant provisions of the Bankruptcy Code.**

28.     In this matter, Automha does have a perfected, post-petition mechanics' lien, under Pennsylvania law, that takes priority over other interests such that a sale of the racking and related equipment installed at the Property cannot be made in contravention of Automha's secured lien rights for several reasons.

29.     First, the racking and related equipment furnished and installed by Automha at the Property would qualify as a fixture deserving of protection under Pennsylvania's Mechanics' Lien Law.  The racking is five levels in height reaching to the elevated ceiling in a commercial warehouse. (*Exhibit "C,"* Photographs).  Plus, this racking, in photographs, appears to be affixed directly to the floor and to cover at least eighty-eight lanes deep of racking.  (*Exhibit "C,"* Photographs); (*Exhibit "D" to Mechanics' Lien Claim*, Proposals).  It was also left when Automha completed its work. (*Exhibit "E,"* Invoice Nos. 15717 & 15718).  The racking and related equipment weighed 479,361.551 pounds. (*Exhibit "D,"* Kerry Apex Document).  Therefore, the materials involve should be considered permanent in nature.

30.     Moreover, the materials should be considered reasonably necessary to equip the building involved for its use and as adding value to the building.  As Mr. Michael Devon indicated during his testimony at the 341 meeting of creditors, Joriki was in the business of private label

manufacturing.  As such, Joriki having a substantial racking and automated system at the Property would assist with Joriki completing its intended business purpose by providing a location for Joriki to store finished product or even house product that is in progress.

31.    Additionally, the racking and related equipment installed by Automha was part of an "erection" or "construction."  In Automha's proposals, there is a line item for "Construction Type" that is identified as "Brown Field."  (*Exhibit "D" to Mechanics' Lien Claim*, Proposals at p. 4).  Plus, the proposals include diagrams for the construction of racking at the Property, (*Id.* at p. 5), and Automha's invoices describe that it engaged in "commissioning," i.e., construction. (*Exhibit "E,"* Invoice Nos. 15717 & 15718).

32.    Because Automha's provision of materials to and work completed at the Property would qualify as "erection" and/or "construction" under Pennsylvania's Mechanics' Lien Law, Automha would be entitled to priority under the Bankruptcy Code in relation to its post-petition recording of a lien as its priority position relates back to when it started its work at the Property prior to August 19, 2024.  *See In re: Oxford Royal Mushroom Products*, *Inc.*, supra, 40 *B.R.* at 931; *see also*, *In re: Poloron Products of Bloomsburg, Inc.*, 76 *B.R.* at 384 – 385; *In re: GGC, LLC*, 329 *B.R.* at 38.

33.    Finally, Automha has filed its lien within the six-month period provided by the Pennsylvania Mechanics' Lien Law.  Automha completed its "commissioning" of the racking on August 19, 2024.  (*Exhibit "E,"* Invoice Nos. 15717 & 15718).  Six months from August 19, 2024 would have been February 19, 2025.  *See* 49 *P.S.* § 1502(a)(1).  Here, Automha's lien and notice of lien were both filed on February 12, 2025, prior to the expiration of the relevant six-month period.

34.     Automha also timely served its lien claim through the local sheriff.  (*Exhibit "I,"* Sheriff's Return of Service).  *See* 49 *P.S.* § 1502(a)(2)(indicating that the claimant is required to "serve written notice…within one (1) month after filing").  Automha has acted timely.

## CONCLUSION

35.     In light of the above, Automha respectfully requests that this Court not permit the sale of the racking and related equipment installed by Automha at the Property without Joriki accounting for its secured lien as to that property.  Automha has a perfected lien interest.  No sale order should be entered without the favorable resolution of Automha's objection.  *See* 11 *U.S.C.* § 363(f)(1)(stating that "[t]he trustee may sell property…free and clear of any interest in such property…only if—(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest").  The Bankruptcy Code does not allow Joriki to sell Automha's property without its consent.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/* Tara L. Lattomus_____
Tara L. Lattomus, Esq.
Nicholas M. Gaunce, Esq. (*pro hac vice*)
222 Delaware Avenue, Suite 700
Wilmington, DE  19801
Telephone: (302) 574-7403
tlattomus@eckertseamans.com
ngaunce@eckertseamans.com
*Counsel for Automha Americas Automation Corp.*

Dated: February 26, 2025

## CERTIFICATION OF FILING AND SERVICE

I certify that, on or about February 26, 2025, the above document was filed through the Court's CM/ECF system and served upon the below via the CM/ECF system and regular mail:

Domenic E. Pacitti, Esq.
Michael W. Yurkewicz, Esq.
Klehr Harrison Harvey Branzburg, LLP
919 Market St., Suite 1000
Wilmington, DE  19801
*Attorneys for Debtor, Joriki USA, Inc.*

Jesse M. Harris, Esq. (jesseharris@foxrothschild.com)
Michael G. Menkowitz, Esq.  (mmenkowitz@foxrothschild.com)
Fox Rothschild, LLP
919 North Market Street, Suite 300
PO Box 2323
Wilmington, DE  19889
*Attorneys for the Trustee*

Alfred Giuliano, Esq.
United States Trustee
2301 E. Evesham Road, Pavillion 800
Suite 210
Voorhees, NJ  08043

-        and        -

Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE  19801

Pursuant to 28 *U.S.C.* § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: /s/ Tara L. Lattomus_____
    Tara L. Lattomus, Esq.

Dated: February 26, 2025