**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JORIKI USA INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 25-10034 LSS<br><br>**Hearing Date: August 13, 2026 at 10:15 a.m.**<br>**Objections Due: July 16, 2026 at 4:00 p.m.** |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SETTLEMENT AGREEMENT AND RELEASE WITH QUALTECH SOLUTIONS INC., PURSUANT TO FED. R. BANKR. P. 9019**

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of Joriki USA, Inc. (the "Debtor"), by and through his attorneys, Fox Rothschild LLP, respectfully requests the entry of an Order approving the Settlement Agreement and Release (the "Agreement") by and between the Trustee and Qualtech Solutions Inc. ("Qualtech", together with the Trustee, the "Parties") pursuant to Fed. R. Bankr. P. 9019 (the "Motion").[2] In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Fed. R. Bankr. P. 9019.

---

[1] The last four digits of the Debtor's Employer Identification Number are 5175.

[2] A copy of the Agreement is attached hereto as **Exhibit "A"** and incorporated by reference herein. Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Agreement.

## FACTUAL BACKGROUND

### A. Bankruptcy and Dispute Background

4. On January 12, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On January 14, 2025, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 15].

6. On February 5, 2025, the Trustee filed the *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Trustee to Enter Into One or More Stalking Horse Agreements and to Provide Bidding Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, Approving Assumption and Assignment Procedures, Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (D) Granting Related Relief; and (II)(A) Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [D.I. 33] (the "Bidding Procedures Motion"), which, among other things, sought approval of bidding procedures for the sale of substantially all of the Debtor's assets (the "Sale").

7. On February 12, 2025, the Court entered an Order approving the Bidding Procedures Motion [D.I. 53].

8. On March 4, 2025, Qualtech filed an objection to the Sale [D.I. 79] (the "Objection"), which, among other things, asserted a mechanic's lien on certain of the Debtor's

property on account of unpaid amounts ($663,786.20 CAD) allegedly owed by the Debtor to Qualtech, as more fully set forth therein (the "Claim").

9. The Trustee has disputed the Claim based on applicable law (the "Dispute").

10. On March 17, 2025, the Court entered an Order authorizing the Trustee to consummate the Sale with Long Way USA Corporation [D.I. 106] (the "Sale Order"), which, among other things, required certain Sale proceeds to be escrowed pending resolution of the Claim, as more fully set forth therein ("Sale Proceeds").

**B. Negotiation of the Agreement Between the Parties**

11. The Parties have conducted extensive, arms-length negotiations to resolve all disputes between them. After presenting the strengths and weaknesses of the Parties' respective cases, several rounds of settlement proposals ensued, ultimately resulting in the Agreement.

12. To settle and resolve the disputes, the Parties seek to enter the Agreement on the terms set forth therein. A copy of the Agreement is attached hereto as **Exhibit "A"** and incorporated by reference herein.

13. A summary of the pertinent terms of the Agreement is as follows:

a. ***Classification and Bifurcation of Claim.*** The Claim shall be reduced and classified as follows:

- Qualtech shall be deemed to hold an allowed secured claim in the amount of $365,082.41 CAD (the "Allowed Secured Claim"); and

- Qualtech shall be deemed to hold an allowed general unsecured claim in the amount of $298,703.79 CAD (the "Allowed Unsecured Claim").

b. ***Payment of Secured Claim***. The Trustee shall remit and pay to Qualtech, from the Sale Proceeds, the Allowed Secured Claim within fourteen (14) calendar days after the Effective Date (as defined in the Agreement). The Trustee's payment of the Allowed Secured Claim shall be made in USD, pursuant to the applicable exchange rate on the Effective Date.

c. ***Payment of Allowed Unsecured Claim.*** The Allowed Unsecured Claim shall be treated as a general unsecured claim and paid only in accordance with the provisions of the Bankruptcy Code and applicable court order.

d. ***Claim Amendment.*** Within five (5) business days following receipt of the payment on account of the Allowed Secured Claim, Qualtech shall file an amended claim that accurately reflects the terms of the Agreement, including such payment.

e. ***Mutual Releases.*** In consideration of the Agreement, and upon the occurrence of the Effective Date, the Parties irrevocably release, acquit and forever discharge each other, including each party's agents and professionals, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, asserted or unasserted, which the Parties have, ever had, might have had or might have in the future, regarding the Claim and the Objection; provided, however, that neither party shall be released from their obligations under the Agreement.

## RELIEF REQUESTED

14. By this Motion, the Trustee seeks entry of an Order approving the Agreement with Qualtech, pursuant to Fed. R. Bankr. P. 9019.

## BASIS FOR RELIEF REQUESTED

15. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

16. The Trustee is obligated to maximize the value of the estate and to make his decisions in the best interests of all the creditors of the estate. *Id.* at 394. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* A trustee's showing of sound business justification need not be unduly exhaustive;

instead, the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

17. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id*. (citation omitted).

18. This Court should approve the Agreement because it is supported by sound business justifications, the terms of the Agreement are reasonable, and the four (4) *Martin* factors weigh in favor of approval.

19. With respect to the first *Martin* factor, the Trustee and Qualtech each believe that their positions and defenses are legitimate and well-supported by the underlying facts and circumstances. The merits present a fact-intensive dispute with meaningful uncertainty on threshold issues that would bear on liability and priority. These include how to characterize the work performed (construction versus repair/maintenance), whether the items at issue constitute lienable improvements or fixtures, the value of the collateral securing the alleged Claim, and the effect of those determinations on priority and allocation. The record presents colorable arguments for each side on these mixed questions of law and fact, and no outcome is assured. Given this uncertainty and the competing authorities and evidentiary disputes, the Agreement reflects a reasonable, negotiated resolution within the range of possible outcomes.

20. With respect to collection difficulties, the Trustee does not believe that this factor is relevant to evaluating the Agreement. The Dispute concerns the allowance and extent of a contested secured claim and allocation of proceeds already held by the Trustee, so collection risk is minimal and does not turn on counterparty solvency or enforcement in another forum. In such circumstances, courts typically give this factor limited weight relative to the others. Approving the Agreement avoids further disputes or appeals over entitlement to segregated funds and permits earlier distribution.

21. In terms of the complexity of litigation, and the expense, inconvenience, and delay necessarily attending it, the contemplated litigation would be complex and costly, requiring targeted document discovery, depositions of installers and facility personnel, potential expert testimony on installation methods and valuation, and substantial briefing and motion practice, with corresponding delay. The incremental cost and timing risk—including the prospect of pretrial and post-trial motions—could exceed any marginal benefit from pursuing a litigated outcome. The Agreement avoids these burdens and uncertainty.

22. Lastly, given that approval of the Agreement guarantees a resolution of the Claim, the Trustee believes that, rather than pursuing costly litigation with speculative levels of success, approval is in the paramount interest of the creditors. The Agreement conserves estate resources, reduces administrative expense, maximizes recovery, and enables earlier distributions, which is in the creditors' interests. The Agreement achieves a practical, risk-adjusted result without the costs and timing uncertainty of continued litigation, supports efficient administration and creditor recoveries, and aligns with the fiduciary objective of maximizing value while minimizing administrative burn.

23. Because the four *Martin* factors weigh heavily in favor of settling the Claim, and because the Agreement is reasonable and supported by a sound business justification, it should be approved. The Trustee submits, in the exercise of his business judgment, the Agreement represents the most effective way to maximize value for the estate.

## NOTICE

Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtor; (iii) counsel for Qualtech; and (iv) all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

***[Remainder of Page Intentionally Blank]***

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) approving the Agreement with Qualtech, pursuant to Fed. R. Bankr. P. 9019; and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: *<u>/s/ Seth A. Niederman</u>*
Seth A. Niederman
Delaware Bar No. 4588
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
Matthew A. Skolnick, Esquire
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

*Attorneys for Alfred T. Giuliano, Chapter 7 Trustee*

Dated: July 2, 2026
Wilmington, Delaware